840 P.2d 280

**The STATE of Arizona, Petitioner,**

**v.**

**The Honorable Michael J. BROWN, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent.**

**and**

**Jason KOLFF, Real Party in Interest.**

**The STATE of Arizona, Petitioner,**

**v.**

**The Honorable Michael J. BROWN, a Judge for the Superior Court of the State of Arizona, County of Pima, Respondent.**

**and**

**$1,721.00 IN UNITED STATES CURRENCY, Real Party in Interest.**

**Nos. 2 CA–SA 92–0026, 2 CA–SA 92–0042.**

Court of Appeals of Arizona, Division 2, Department A.

April 21, 1992.

Review Granted Dec. 1, 1992.

Office of the Town Atty. by Tobin Sidles, Oro Valley, and Stephen D. Neely, Pima County Atty. by Christopher J. Roads, Tucson, for petitioner.

Michael J. Brown, pro se.

OPINION

LIVERMORE, Chief Judge.

These special actions, which we have consolidated, present a single issue for our resolution: does the superior court have

jurisdiction of a forfeiture proceeding filed by the state pursuant to A.R.S. §§ 13–4301 *et seq.* where the value of the property is $5,000 or less? [1] The cases present a pure question of law which does not depend for its resolution on disputed material facts. It is also one of first impression and statewide interest. We therefore accept jurisdiction. *University of Arizona Health Sciences Center v. Superior Court,* 136 Ariz. 579, 667 P.2d 1294 (1983). For the reasons set forth below, however, we decline relief.

In 2 CA–SA 92–0026, a 1972 Ford Mustang automobile was seized by the state for in rem forfeiture. A.R.S. § 13–4311. The respondent judge took judicial notice that the car was worth less than $5,000, and the parties do not dispute its value for purposes of this proceeding. In 2 CA–SA 92–0042, $1,721 in cash was seized from a bank account. The purported claimant relinquished his interest in the money, and the state submitted an application for forfeiture to the court pursuant to A.R.S. § 13–4314(A). In both cases, the respondent, on his own motion, dismissed the actions, concluding that because the amount involved was $5,000 or less, the superior court lacked jurisdiction.

The respondent relied on recent amendments to the constitutional and statutory provisions governing the jurisdiction of the justice courts. Article 6, § 32(B) of the Arizona Constitution provides that "[t]he jurisdiction, powers and duties of courts inferior to the superior court and of justice courts ... shall be as provided by law." In 1990 the constitutional limitation on the civil jurisdiction of such courts was raised from $2,500 to $10,000. In response, the legislature raised the exclusive civil jurisdictional limits of justice courts from $500 to $5,000. The governing statute, as amended, provides in pertinent part as follows:

---

**1.** In 2 CA–SA 92–0042, the state also challenged the respondent's refusal to honor a notice of change of judge pursuant to Ariz.R.Civ.P. 42(f)(1)(A), 16 A.R.S. The state has not controverted the respondent judge's assertion that he

**§ 22–201. Jurisdiction of civil actions**

A. Justices of the peace have jurisdiction only as affirmatively conferred on them by law.

B. Justices of the peace have exclusive original jurisdiction of all civil actions when the amount involved, exclusive of interest, costs and awarded attorney's fees when authorized by law, is five thousand dollars or less.

C. Justices of the peace have jurisdiction concurrent with the superior court in cases of forcible entry and detainer where the rental value of the property involved does not exceed one thousand dollars per month and where the damages are five thousand dollars or less.

D. Justices of the peace have jurisdiction to try the right to possession of real property when title or ownership is not a subject of inquiry in the action....

The relevant constitutional provisions pertaining to the jurisdiction of the superior court are found in article 6, § 14:

The superior court shall have original jurisdiction of:

1. Cases and proceedings in which exclusive jurisdiction is not vested by law in another court.

2. Cases of equity and at law which involve the title to or possession of real property, or the legality of any tax, impost, assessment, toll or municipal ordinance.

3. Other cases in which the demand or value of property in controversy amounts to one thousand dollars or more....

\* \* \* \* \* \*

11. Special cases and proceedings not otherwise provided for, and such other jurisdiction as may be provided by law.

A.R.S. § 13–4302 provides:

The state may commence a proceeding in the superior court if the property for which forfeiture is sought is within this state at the time of the filing of the action or if the courts of this state have

---

was never served with the notice which did not, in any event, comply with the requirements of the rule. We therefore deem the issue abandoned.

in personam jurisdiction of an owner of or interest holder in the property.

The respondent argues in essence that, while the language conferring jurisdiction on the superior court in § 13–4302 is permissive, the language of § 22–201(B) divesting the superior court of jurisdiction in civil cases involving $5,000 or less is mandatory. We agree. Citing the presumption favoring superior court jurisdiction and the general rule that a statute will not be construed to divest the court of jurisdiction unless it is clear and unambiguous, *Daou v. Harris,* 139 Ariz. 353, 678 P.2d 934 (1984), the state argues that § 22–201(B) is not sufficiently clear because it does not specifically reference forfeiture actions. As an example of an unambiguous statute, the state cites A.R.S. § 8–202(A), which confers on the juvenile court "exclusive original jurisdiction over all proceedings brought under the authority of this chapter." We fail to perceive any distinction, much less any significant distinction, between this statute and the language used in § 22–201(B). Moreover, the supreme court has previously construed the virtually identical predecessors to the justice court constitutional and statutory provisions as divesting the superior court of jurisdiction of civil cases where the amount in controversy was below the then ceiling of $200. *Ahee v. Sornberger,* 64 Ariz. 371, 172 P.2d 850 (1946).

We also reject the state's contention that the jurisdiction conferred by § 22–201(B) is limited to cases seeking a money judgment. *See, e.g.,* A.R.S. § 22–243. Nor is the fact that the forfeiture statutes refer in other places to the superior court and its clerk evidence of an intent to confer exclusive jurisdiction on superior court. Finally, we reject the contention that, had the legislature intended to confer jurisdiction of any forfeiture actions on the justice courts, it was required to amend and/or repeal the relevant portions of the forfeiture statutes. The same would also be true of the numerous other statutes permitting causes of action to be filed in superior court. *See, e.g.,* A.R.S. §§ 12–882(A) and 12–943. From the other portions of § 22–201, it is clear that

the legislature knew how to and did enact different provisions for specific types of cases when it wanted to. The language of § 22–201(B) is clear, unambiguous, and comprehensive, and the respondent properly dismissed the complaints.

Relief denied.

LACAGNINA, P.J., and HOWARD, J., concur.