864 P.2d 1038

STATE of Arizona ex rel. Stephen
D. NEELY, Pima County
Attorney, Petitioner,

v.

The Honorable Michael J. BROWN, a
judge of the Superior Court of the State
of Arizona, in and for Pima County,
Respondent,

Jason KOLFF, Real Party in Interest.

STATE of Arizona ex rel. Stephen
D. NEELY, Pima County
Attorney, Petitioner,

v.

The Honorable Michael J. BROWN, a
judge of the Superior Court of the State
of Arizona, in and for Pima County,
Respondent,

$1,721.00 IN UNITED STATES
CURRENCY, Real Party
in Interest.

No. CV 92–0205–PR.

Supreme Court of Arizona,
En Banc.

Dec. 7, 1993.

Stephen D. Neely, Pima County Atty. by Christopher J. Roads, Deputy County Atty., Tucson and Oro Valley Town Atty. by Tobin Sidles, Asst. Town Atty., Oro Valley, for petitioner.

Law Offices of Neil Vincent Wake by Neil Vincent Wake and Robert C. Van Voorhees, Phoenix, for respondent judge.

Grant Woods, Atty. Gen. by Cameron H. Holmes, and Colleen L. French, Asst. Attys. Gen., Phoenix, for amicus curiae.

## OPINION

CORCORAN, Justice.

We accepted this petition for review to determine whether the amendment to A.R.S. § 22–201 repealed jurisdiction of the superior courts granted in forfeiture actions pursuant to A.R.S. § 13–4302 in cases involving property valued at $5,000 or less. We hold that it did not. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and rule 23, Arizona Rules of Civil Appellate Procedure.

## LEGAL AND PROCEDURAL BACKGROUND

### Legal Background

This case presents a question of law. It involves construing two separate and seemingly conflicting statutes which respectively establish jurisdiction in the justice and superior courts.

Section 22–201 grants jurisdiction to justice courts. It was amended by Laws 1990, ch. 223, § 2, effective July 1, 1991, and reads in part:

> B. Justices of the peace have *exclusive original jurisdiction* of all civil actions when the amount involved, exclusive of interest, costs and awarded attorney's fees when authorized by law, is *five thousand dollars or less.*

(Emphasis added.) Before this amendment, the exclusive original jurisdictional amount for justice court was less than $500. Laws 1972, ch. 145, § 1.

The other relevant statute, A.R.S. § 13–4302, relates to forfeiture proceedings and is entitled "Jurisdiction." It reads:

> The state *may* commence a proceeding in the *superior court* if the property for which forfeiture is sought is within this state at the time of the filing of the action or if the courts of this state have in personam jurisdiction of an owner of or interest holder in the property.

(Emphasis added.)

### Procedural Background

This petition for review stems from the dismissal of two forfeiture cases filed by the State of Arizona (petitioner) in Pima County Superior Court. The value of the property seized in each case was less than $5,000. The state seized a 1972 Ford Mustang valued at less that $5,000 and bank account proceeds worth $1,721. The respondent judge, sua sponte, dismissed both cases for lack of jurisdiction. He reasoned that § 22–201 granted justice court original and exclusive jurisdiction over civil actions, including forfeiture, where the amount involved is less than $5,000.

Petitioner filed a special action in the court of appeals seeking relief from the trial court's ruling. The court of appeals denied relief in both cases in a consolidated opinion. *State v. Brown,* 173 Ariz. 104, 840 P.2d 280 (App.1992).

## DISCUSSION

The court of appeals rested its opinion on the language of A.R.S. §§ 22–201(B) and 13–4302. 173 Ariz. at 106, 840 P.2d at 282. It compared the wording of the two statutes and agreed with respondent judge that the § 22–201(B) language was mandatory and that of § 13–4302 was permissive. Thus, § 22–201(B) divested superior court of jurisdiction in forfeiture cases involving $5,000 or less. We find, however, that the permissive nature of § 13–4302 refers to the state's optional authority to pursue forfeiture in a given case, rather than to the state's option to choose between bringing the proceeding in superior court or justice court. The actual practice supports our reading of this statute because, before the court of ap-

peals' ruling, all forfeiture proceedings in Arizona had been brought in superior court.

We do not believe that the law supports the court of appeals' interpretation. We believe that § 13–4302 is an exception to § 22–201(B), pursuant to Ariz. Const. art. 6, § 14, rather than repealed or modified by it.

■ The superior courts are courts of general jurisdiction. *Kemble v. Stanford*, 86 Ariz. 392, 394, 347 P.2d 28, 29 (1959). The Arizona Constitution in part grants the superior court "original jurisdiction" of:

1. Cases and proceedings in which exclusive jurisdiction is not vested by law in another court.

. . . .

3. Other cases in which the demand or value of property in controversy amounts to one thousand dollars or more, exclusive of interest and costs.

. . . .

11. Special cases and proceedings not otherwise provided for, and such other jurisdiction as may be provided by law.

Ariz. Const. art. 6, § 14.

If we stopped reading the constitution after subsection 1, we might agree with the court of appeals' result. The plain language of § 22–201 does appear to vest justice court with exclusive jurisdiction in civil matters with a jurisdictional amount of $5,000 or less. Subsections 3 and 11, however, create barriers to legislative divestiture of jurisdiction in superior court. We need only address subsection 11, the broader of the two provisions and thus dispositive, which provides for jurisdiction in the superior court of such special matters as are assigned to it by law. Section 13–4302 is such legislation and clearly vests the superior court with jurisdiction.

■ The provisions of art. 6, § 14(3) assign to the superior court "original jurisdiction" in all cases in which the amounts in controversy exceed $1,000. Given this, the legislature could not constitutionally grant the justice court "exclusive original jurisdiction" in forfeiture cases involving property having a value between $1,000 and $5,000, although, of course, it could give the justice court concurrent original jurisdiction in such cases. The only possible resolution therefore is to harmonize the statutes by concluding that in adopting § 22–201(B), the legislature left § 13–4302 in full force and effect, so that the superior court retained, as the constitution requires, at least concurrent original jurisdiction in forfeiture cases in which the property in issue has a value of between $1,000 and $5,000.

■ Our interpretation is further buttressed by the fact the several provisions of the forfeiture statutes make reference to proceedings in superior court without regard to the value of the property involved, in addition to § 13–4302. Section 13–4309(3)(c) regarding "Uncontested forfeiture" states:

An owner or interest holder in any property declared forfeited may file a claim as described in § 13–4311, subsections E and F in the *superior court* in the county in which the uncontested forfeiture was declared within thirty days after the mailing of the declaration of forfeiture.

(Emphasis added.) Section 13–4311(C) regarding "Judicial in rem forfeiture proceedings" reads:

On the filing of a civil in rem action by the state in *superior court* the clerk of the court in which the action is filed shall provide, and the attorney for the state may provide, the notice of pending forfeiture required by § 13–4307 unless the files of the clerk of the court reflect that such notice has previously been made.

(Emphasis added.) The provision regarding "Supplemental remedies," § 13–4313(B), also contains a reference to superior court as follows:

In addition to any other remedy provided for by law, if property subject to forfeiture is conveyed, alienated, disposed of or otherwise rendered unavailable for forfeiture after the filing of a racketeering lien notice or provision of notice of pending forfeiture or after the filing and notice of a

civil proceeding or criminal proceeding alleging forfeiture under this chapter, whichever is earlier, the state or seizing agency, on behalf of the state, may institute an action in *superior court* against the person named in the racketeering lien or notice of pending forfeiture or the defendant in the civil proceeding or criminal proceeding, . . . .

(Emphasis added.) These provisions strengthen our conclusion that forfeiture proceedings are "special cases and proceedings" under Ariz. Const. art. 6, § 14(11).

## CONCLUSION

■ Thus, we hold that the superior court has jurisdiction over forfeiture actions filed pursuant to A.R.S. § 13–4302 without regard to the value of the property involved. We therefore vacate the court of appeals' opinion, reverse the trial court's dismissal, and remand for further proceedings.

FELDMAN, C.J., and MOELLER, V.C.J., concur.

MARTONE, Justice, concurring in the judgment.

I .agree with the court that § A.R.S. 22–201(B) cannot divest the superior court of jurisdiction over forfeiture proceedings, but base my conclusion not on an attempt to harmonize § 22–201(B) with A.R.S. § 13–4302, but, rather, on the constitution itself.

Article 6, § 14 of the constitution grants to the superior court *original* jurisdiction in eleven categories. Article 6, § 15 grants the superior court *exclusive* jurisdiction over juvenile matters. If the legislature had the power to create *exclusive* jurisdiction in other courts over matters within the scope of the superior court's *original* jurisdiction under § 14, then the legislature could reduce the superior court to a juvenile court under § 15. I am of the view that when the constitution grants original jurisdiction to a court, the legislature cannot take it away. I also believe, however, that when the constitutional grant is not exclusive, the legislature can grant concurrent jurisdiction to another

court. Article 6, § 14(3) grants to the superior court jurisdiction over civil actions of $1,000 or more. Thus, the legislature can grant to the justice courts concurrent jurisdiction over civil actions of $5,000 or less but they cannot accord exclusive jurisdiction to the justice courts for such actions, except for those under $1,000.

Consider this. Article 6, § 5 of the constitution describes the jurisdiction of this court. With the exception of cases between counties, none of it is exclusive. If the legislature could divest the superior court of jurisdiction under § 14, where the grant is not exclusive, it could divest this court of its entire jurisdiction except actions between counties. This could not have been the intent of the persons who drafted the constitution. The legislature cannot divest constitutionally granted jurisdiction by granting exclusive jurisdiction in some other court.

If this were not enough, the constitutional grant to the legislature to define the jurisdiction of justice courts is quite express on this point. Article 6, § 32(C) of the constitution states that

[t]he civil jurisdiction of courts inferior to the superior court and of justice courts shall not exceed the sum of ten thousand dollars, exclusive of interest and costs. Criminal jurisdiction shall be limited to misdemeanors. *The jurisdiction of such courts shall not encroach upon the jurisdiction of courts of record but may be made concurrent therewith, subject to the limitation provided in this section.*

(Emphasis added.)

A.R.S. § 22–201(B) purports to grant the justice courts exclusive original jurisdiction of all civil actions where the amount in controversy is $5,000 or less. But art. 6, § 14 of the constitution grants to the superior court original jurisdiction over cases of $1,000 or more. And art. 6, § 32(C) of the constitution states that the jurisdiction of the justice courts shall not encroach upon the jurisdiction of courts of record but may be made concurrent. Therefore, as to actions between $1,000 and $5,000, the jurisdiction granted by § 22–201(B) must be concurrent.

**10**

For amounts less than $1,000 the grant of exclusive jurisdiction can be valid (under art. 6, § 14(3)) unless, as here, some other provision of the constitution (art. 6, § 14(11)) provides for concurrent jurisdiction in the superior court for particular special proceedings without regard to the amount in controversy. A.R.S. § 13–4302 is such a special proceeding. Thus, forfeiture actions where the amount involved is $5,000 or less may be brought in both the justice court and in the superior court.

ZLAKET, J., concurs.