566 P.2d 1335

Roger V. ANDERSON, Petitioner,

v.

The Honorable Robert W. PICKRELL, Judge of the Superior Court, Maricopa County, and Sharon M. Anderson, Real Party in Interest, Respondent.

No. 13203.

Supreme Court of Arizona, In Banc.

July 13, 1977.

Bendheim & Mote by Alice L. Bendheim, Phoenix, for petitioner.

Law Offices of Otto H. Linsenmeyer by Marvin W. Manross, Phoenix, for respondent and real party in interest.

STRUCKMEYER, Vice Chief Justice.

This special action arises out of a petition for divorce filed by Sharon M. Anderson against her husband, Robert V. Anderson, in the Superior Court of Maricopa County. Following the entry of judgment, the Superior Court entered an order finding that Sharon M. Anderson would not be financially able to give a supersedeas bond to stay execution of the judgment and granted her motion to stay pending the appeal upon "filing a written understanding with the Court in place of supersedeas bond." Robert V. Anderson then brought this special action here, asserting that the stay upon written understanding in place of a supersedeas bond is in excess of the Superior Court's authority. The order of the Superior Court staying the execution of the judgment in Cause No. DR 50394 of the Maricopa County Superior Court is vacated.

The function of a supersedeas is, of course, to stay the enforcement of a judgment or decree of court brought up on appeal. Its effect is to restrain a party and the lower court from taking affirmative action to enforce the judgment or decree. While an appeal with proper supersedeas stays the execution of the judgment, it does not detract from its decisiveness and finality. *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725 (1941).

This Court by the Constitution of Arizona, Art. 6, § 5, subsec. 5, has the "Power to make rules relative to all procedural matters in any court." This power may not be supplemented, annulled or superseded by an inferior court such as the Superior Court or respondent judge. *See State v. Blazak*, 105 Ariz. 216, 462 P.2d. 84 (1969).

By rule, this Court has provided how a judgment is stayed on appeal. Rule 62(d), Rules of Civil Procedure, 16 A.R.S., provides:

"When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay * * *."

Rule 62(d) is the only way by which an appellant may stay a judgment of the Superior Court while an appeal is pending. There is no provision whatsoever by which the Superior Court may stay an execution of a judgment on filing a written understanding in place of the supersedeas bond provided by Supreme Court Rule 62(d).

The order in Cause No. DR 50394 of the Superior Court in and for the County of Maricopa staying the execution of its judgment is set aside and vacated.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.