660 P.2d 1234

**Darrell BURNETT and Harriet Shearer, d.b.a. Portfolio Investment Realty Company, Plaintiffs/Appellees,**

v.

**J. Daniel WALTER and Stephanie D. Walter, husband and wife, Defendants/Appellants.**

**No. 2 CA–CIV 4379.**

Court of Appeals of Arizona, Division 2.

Dec. 14, 1982.

Rehearing Denied Jan. 31, 1983.

Review Denied Mar. 15, 1983.

Blaser, Kelly & Don, P.C. by Thomas G. Kelly, III, Tucson, for plaintiffs/appellees.

E.K. Parks, III, Tucson, for defendants/appellants.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a judgment in favor of appellees in a breach of contract action involving an exclusive listing agreement. When commissions were not received which appellees claimed were due, they filed suit in superior court.

After various motions were heard by the superior court, the case was transferred to an arbitration panel under Arizona's Compulsory Arbitration Statute, A.R.S. § 12–133. The panel ruled in favor of appellees and appellants requested a trial de novo. Before the trial commenced appellants requested a court reporter and that the trial court make findings of fact and conclusions of law. The trial court refused to do so because it believed that appellants had no

right to appeal its decision to this court. At the close of the trial, the trial court entered a judgment against appellants for brokerage fees in the amount of $3,220 plus costs and attorney's fees. This appeal followed.

The determinative issue in this case is whether the trial court committed reversible error when it refused the court reporter. We hold that it did.

A.R.S. § 12–2101(A) and (B) provides that an appeal may be taken from the superior court from a final judgment entered in an action or special proceeding "... commenced in a superior court ...." The action here was "commenced in a superior court" but was referred to arbitration pursuant to A.R.S. § 12–133 which permits the superior court to require arbitration in cases in which the amount in controversy does not exceed $5,000.

Appellees, citing *Sarwark v. Thorneycroft*, 123 Ariz. 23, 597 P.2d 9 (1979) contend that appellants have no right to appeal to this court because A.R.S. § 12–133(F), which permits an appeal (which is a trial de novo) from the arbitration award to the superior court, limits the right to appeal granted by A.R.S. § 12–2101(A) and (B). We do not agree.

*Sarwark v. Thorneycroft*, supra, holds that where a specific statute authorizes review of the decisions of an *administrative agency*, A.R.S. § 12–913 of the Administrative Review Act, which authorizes an appeal to the supreme court from the superior court in an action reviewing the decision of an administrative agency, does not apply. The facts of *Sarwark* are not analogous.

The purpose of A.R.S. § 12–133 was to provide the superior courts with a mechanism to reduce the number of cases being tried by superior court judges by giving the superior courts discretion to require arbitration in "minor" cases. Its purpose was never to limit the right to appeal to this court. Since the action here commenced in the superior court appellants had the right to appeal provided by A.R.S. § 12–2101(A) and (B).

Does the right of an appeal give one the right to have a court reporter present, taking stenographic notes of the proceedings? The answer is obviously in the affirmative and A.R.S. § 12–223(A) which states that the court reporter shall be present "... unless excused by the judge", did not give the judge the right to refuse the request for a court reporter.

This brings us to our next question. Did the refusal of a court reporter cause prejudicial error? Appellants have raised several issues on appeal which can only be resolved by reading a transcript of the proceedings. In such circumstances the only fair way the issue can be resolved is by a new trial.

Reversed and remanded for new trial.

HATHAWAY and BIRDSALL, JJ., concur.