752 P.2d 1025

**In the Matter of the Appeal in MARI-
COPA COUNTY JUVENILE
ACTION NO. JV-109482.**

No. CV-87-0468-PR.

Supreme Court of Arizona,
En Banc.

April 7, 1988.

Dean W. Trebesch, Maricopa County
Public Defender by Margaret C. Morse,

Deputy Maricopa County Public Defender,
Phoenix, for appellant.

Thomas E. Collins, Maricopa County
Atty. by Barbara A. Christensen, Deputy
Maricopa County Atty., Phoenix, for appellee.

HOLOHAN, Justice.

The juvenile appellant appealed from the decision of the juvenile court committing him to the State Department of Corrections. On appeal, counsel for the juvenile contended that the refusal of the juvenile court to grant his request for the presence of a court reporter to take down the proceedings was error. The Court of Appeals, by memorandum decision, affirmed the judgment of the juvenile court. *Matter of the Appeal in Maricopa County Juvenile Action No. JV-109482*, 1 CA-JUV 391 (filed October 20, 1987). We granted the juvenile's petition for review, and we vacate the decision of the Court of Appeals.

There is no dispute about the facts in this case. The juvenile had admitted to having committed certain acts of delinquency as alleged in petitions filed in juvenile court. A disposition hearing was scheduled to be conducted before a duly appointed judge pro tempore who was authorized to act as a judge in the Juvenile Court Division of the Maricopa County Superior Court. At the disposition hearing, counsel for the juvenile objected to proceeding without the presence of a court reporter. Despite the clear objection of counsel and the requirements of A.R.S. §§ 8-234 and 12-223(A), the judge pro tempore overruled the objection and proceeded with the hearing without a court reporter. The proceedings, however, were tape-recorded. The juvenile filed a timely appeal.

The Court of Appeals in deciding this case noted that the refusal to provide a court reporter after the affirmative request of counsel was error but the error was harmless.

Counsel for the juvenile has challenged the ruling of the Court of Appeals contending that the trial court's ruling in this case is not an isolated incident to which the harmless error might apply. Counsel sug-

gested that the procedure in this case is a developing pattern which this court, in its supervisory role over courts, should terminate.

Although only one other instance from the same jurisdiction has been cited to us, we believe that it is appropriate for us to address the issue before any other cases arise.

We start with the proposition that the statutes provide that a court reporter shall attend any juvenile court hearing conducted by a judge unless excused by the judge. A.R.S. §§ 8–234; 12–223(A). Next, a judge does not have the right to excuse a court reporter over the objections of a party. *Burnett v. Walter*, 135 Ariz. 307, 660 P.2d 1234 (App.1982). Finally, tape recorders or other recording devices in lieu of reporters may not be used for court proceedings where either party requests that a court reporter be used. A.R.S. § 38–424.

There is a suggestion in the argument of counsel that in the above named jurisdiction a judge pro tempore is not provided with the staff necessary to carry out the judicial function in the manner required by law. If this were true, it would raise serious questions about the continued use of such temporary judges. A judge pro tempore has, with a few exceptions, all the powers of a superior court judge. A.R.S. § 12–144(D). It follows that with the grant of such power, the judge also has the responsibilities associated with the office. Any jurisdiction which undertakes to employ judges pro tempore must also assume the obligation of providing adequate staff for such judges because those who seek the aid of the courts are entitled to the same quality of justice from the judiciary whether the judicial officer is a regularly elected or appointed judge or a person temporarily serving as a judge. No other course is acceptable.

Since the juvenile court judge in this case erred in denying the request of counsel for the presence of a court reporter to take down the proceeding, we deem the matter serious enough to require reversal.

The judgment of the juvenile court is reversed.

FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.

GORDON, C.J., did not participate in the determination of this matter.