SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| STATE OF ARIZONA, ex rel. RICHARD M. ROMLEY, Maricopa County Attorney, | ) Arizona Supreme Court<br>) No. CV-03-0376-PR<br>)<br>) Court of Appeals |
| Petitioner, | ) Division One<br>) No. 1 CA-SA 03-0212 |
| v. | )<br>) Maricopa County Superior |
| THE HONORABLE EDDWARD J. BALLINGER, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of Maricopa, | ) Court Administrative Order<br>) No. 2003-079<br>)<br>)<br>) |
| | ) **O P I N I O N** |
| Respondent Judge. | )<br>) |
| _____ | ) |

Special Action from the
Superior Court of Maricopa County
Administrative Order No. 2003-079
The Honorable Eddward J. Ballinger, Judge

**ORDER VACATED**

_____

Richard M. Romley, Maricopa County Attorney                    Phoenix
    By   Gerald R. Grant, Deputy County Attorney
Attorneys for Petitioner


Terry Goddard, Attorney General                                Phoenix
    By   Charles A. Grube, Assistant Attorney General
Attorneys for Respondent Judge

_____

**J O N E S, Chief Justice**

¶1      This case presents the question whether Maricopa County Superior Court Administrative Order ("AO") No. 2003-079 (including its amended version) constitutes a local rule of court. The AO in question, applicable in all criminal cases, establishes a procedure by which every criminal defendant may seek expedited review of a motion to modify pretrial release conditions.  We conclude the AO creates a rule of court.  That being the case, Rule 36 of the Arizona Rules of Criminal Procedure requires pre-approval of this court.  Because it was not pre-approved, we vacate the AO.  We have jurisdiction pursuant to Article VI, Section 5(3) of the Arizona Constitution, Arizona Revised Statutes § 12-120.24 (2003), and Rule 23, Arizona Rules of Civil Appellate Procedure.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2      Rule 7.4(a) of the Arizona Rules of Criminal Procedure requires that conditions of pretrial release be determined at the initial appearance.  Rule 7.4(b) allows any defendant in custody to "move for reexamination of the conditions of release whenever the person's case is transferred to a different court or the motion alleges the existence of material facts not previously presented to the court."

¶3      On August 27, 2003, Superior Court Judge Eddward J. Ballinger, who presides over the criminal department at Maricopa

2

County, issued AO No. 2003-079, which prescribes specific procedures to be followed by parties filing motions under Rule 7.4(b) to modify pretrial release conditions. The order sets forth the following requirements for requesting modifications to the conditions:

> 1. The moving party must provide a copy of any motion to the appropriate Commissioner.
>
> 2. The motion must state whether there is a victim in the case.
>
> 3. The motion must be accompanied by a form of order on which the court may schedule a hearing date.
>
> 4. The moving party must obtain the order setting a hearing date signed by the Commissioner.
>
> 5. The moving party must hand-deliver a copy of the motion and the order to the opposing party within 24 hours of the issuance of the order.
>
> 6. A hearing on the motion must be held within four judicial days of receipt of the motion in non-victim cases and within seven judicial days in victim cases.
>
> 7. If the moving party fails to file a certificate of service establishing compliance with the order's service terms, the hearing must be continued at the opposing party's request.

¶4 On September 12, 2003, the Maricopa County Attorney, representing the State, filed a petition for special action in the court of appeals, challenging the AO as an unapproved and thus invalid local rule of court. On September 26, 2003, Judge Ballinger issued an amended version, adding a provision expressly restricting the AO to parties seeking expedited review and adding

3

a procedure by which the opposing party can obtain a continuance by demonstrating (1) that the moving party has failed to make proper service of the motion, (2) that going forward with a hearing would deprive any party of a substantial legal right, or (3) that other good cause exists to delay the hearing. Notwithstanding the amended version, the State continues to maintain that the AO constitutes a local rule of court not approved by this court and thus is invalid under Rule 36.

¶5    The court of appeals declined to accept jurisdiction of the special action October 8, 2003. The State timely filed a petition for review, which we granted.

### DISCUSSION

¶6    This court is vested with exclusive constitutional authority to enact rules that govern procedural matters in all Arizona courts. Ariz. Const. art. 6, § 5(5). The power "may not be supplemented, annulled or superseded by an inferior court such as the Superior Court." *Anderson v. Pickrell*, 115 Ariz. 589, 590, 566 P.2d 1335, 1336 (1977). However, a court "may make and amend rules governing its practice not inconsistent with [the Arizona Rules of Criminal Procedure]." Ariz. R. Crim. P. 36. Such "local rules" are not effective "until approved in writing by the Supreme Court." *Id.*

¶7    The traditional test for whether something is a local rule is set forth in *Hare v. Superior Court*, 133 Ariz. 540, 542,

4

652 P.2d 1387, 1389 (1982): "A rule of court prescribes a procedural course of conduct that litigants are required to follow, the failure to comply with which may deprive the parties of substantial rights." A rule thus applies uniformly to all litigants and their attorneys to govern practice in pending cases. *See Hedlund v. Sheldon*, 173 Ariz. 143, 146, 840 P.2d 1008, 1011 (1992). By contrast, an "administrative" measure generally embodies an internal statement of policy not directly applicable to litigants or their counsel, but adopted to provide more efficient management and disposition of cases.

¶8     A separate element of the *Hare* definition appears to require that in order for a procedure to be a "rule," it must potentially deprive the parties of "substantial rights" if the procedure is not followed. We believe this language is unnecessarily restrictive. Although a particular procedure may not directly affect substantial rights, if the procedure affects the manner in which litigants assert or defend claims, including the assertion of procedural claims, it is more accurately characterized as a rule of court.

¶9     Accordingly, we hold that a procedural requirement is a "rule" of court if it prescribes a course of conduct uniformly applicable to parties and their attorneys to govern the manner in which claims or demands are made or defenses asserted. Within this framework, we turn to the AO in question.

¶10     As noted, the AO sets forth seven requirements.  Of the seven, only the sixth is administrative, merely setting guidelines that the court will follow in scheduling hearings under the rule. The remaining six delineate actual procedures required of defendants seeking expedited modification of pretrial release conditions.  To comply, the defendant, as moving party, must provide a copy of the motion to the court, obtain an order setting a hearing date within a prescribed time, and hand-deliver a copy of the motion and order to the opposing party within 24 hours of the issuance of the order.  Further, each defendant must state in the motion whether the alleged crime involved a victim.  Such requirements are not mere matters of court administration but are matters that immediately affect the manner in which criminal defendants may move for expedited review under Rule 7.4 and how the State shall respond to those claims.

¶11     The respondent's argument that the AO is not a local rule is based entirely on the assertion that the AO is not inconsistent with the Rules of Criminal Procedure.  Inconsistency, however, is not the litmus test for determining whether something is a rule or an administrative determination.  *See Espinoza v. Martin*, 182 Ariz. 145, 148, 894 P.2d 688, 691 (1995) ("Even if the . . . policy were consistent with the rules of procedure, the policy constituted a local rule that was invalid because [the lower court] adopted it without first obtaining the approval of

6

this court."); *see also State v. City Court*, 150 Ariz. 99, 101-03, 722 P.2d 367, 369-71 (1986) (invalidating as an unauthorized local rule a court order not found to be inconsistent with the Rules of Criminal Procedure).

## CONCLUSION

¶**12**     We do not, in today's opinion, evaluate the merits of the AO in question.  Nevertheless, we hold that AO No. 2003-079 (including its amended version) constitutes an unauthorized local rule because it prescribes a procedural course of conduct required of all criminal defendants seeking expedited review to modify pretrial release conditions.  Merely placing the "administrative" label on a measure that functions as a rule of court will not preserve it.  Accordingly, the AO in the instant case violates the requirement of Rule 36 that a local rule be approved in writing by this court.  We therefore vacate AO No. 2003-079.

_____
Charles E. Jones
Chief Justice

CONCURRING:

_____          _____
Ruth V. McGregor,                         Rebecca White Berch, Justice
      Vice Chief Justice


_____          _____
Michael D. Ryan, Justice                  Andrew D. Hurwitz, Justice

7