IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

———————

**CLAUDIA DUFF,**
*Petitioner,*

*v.*

**HON. KENNETH LEE, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF PIMA,**
*Respondent,*

*and*

**TUCSON POLICE DEPARTMENT, A MUNICIPAL AGENCY; AND THE CITY OF
TUCSON, A MUNICIPAL CORPORATION,**
*Real Parties in Interest.*

———————

No. CV-19-0128-PR
Filed November 25, 2020

———————

Appeal from the Superior Court in Pima County
The Honorable D. Douglas Metcalf, Judge
No. C20182262
**AFFIRMED**

Opinion of the Court of Appeals, Division Two
246 Ariz. 418 (App. 2019)
**AFFIRMED IN PART, VACATED IN PART**

———————

COUNSEL:

David D. Buechel (argued), Hollingsworth Kelly, PLLC, Tucson, Attorney for Claudia Duff

Mark Brnovich, Arizona Attorney General, Brunn "Beau" W. Roysden III, Solicitor General, Drew C. Ensign (argued), Section Chief, Civil Appeals Section, Kathleen P. Sweeney, Senior Appellate Counsel, Robert J. Makar, Assistant Attorney General, Phoenix, Attorneys for Honorable Kenneth Lee

Michael G. Rankin, City Attorney, Renee J. Waters, Principal Assistant City Attorney, Tucson City Attorney's Office, Tucson, Attorneys for City of Tucson

_____

JUSTICE BOLICK authored the opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and JUSTICES GOULD, LOPEZ, BEENE, and MONTGOMERY joined.

_____

JUSTICE BOLICK, opinion of the Court:

¶1      This case concerns the interaction between A.R.S. § 12-133, a compulsory arbitration statute, and the Fast Trial and Alternative Resolution ("FASTAR") Pilot Program.  We find no conflict between the statute and this Court's orders and rules establishing FASTAR, and we thus hold that the trial court properly denied petitioner Claudia Duff's motion for arbitration.


**BACKGROUND**

¶2      Section 12-133(A)(1)–(2) requires superior courts, by court rule, to "[e]stablish jurisdictional limits of not to exceed sixty-five thousand dollars for submission of disputes to arbitration" and "[r]equire arbitration

2

in all cases . . . in which . . . the amount in controversy does not exceed the jurisdictional limit." Section 12-133(H) establishes a right to appeal from an arbitration award to the superior court for trial de novo on law and fact. Certain financial penalties accrue if the appellant does not receive an award that is at least 23% better than the arbitrator determined. § 12-133(I). Section 12-133(L) provides that the jurisdictional limit under § 12-133(A)(1) "does not apply to arbitration that is conducted under an alternative dispute resolution program approved by the supreme court.

¶3        In 2015, this Court established the Committee on Civil Justice Reform to "develop recommendations, including rule amendments or pilot projects, to reduce the cost and time required to resolve civil cases in Arizona's superior courts." *In re Establishment of the Comm. on Civ. Just. Reform and Appointment of Members*, Admin. Order No. 2015-126 (2015). The following year, the committee proposed the FASTAR Pilot Program. Comm. On Civ. Just. Reform's Rep. to the Ariz. Jud. Council, A Call to Reform 18–20, 121–138 (Oct. 2016); *In re Implementation of the Fast Trial and Alternative Resolution (FASTAR) Pilot Program in Pima County*, Admin. Order No. 2017-116 (2017). FASTAR allows a plaintiff to choose between a short trial and arbitration in cases seeking money damages not exceeding $50,000. Admin. Order No. 2017-116. In doing so, the plaintiff must file a certificate stating whether the case meets the four FASTAR eligibility criteria: (1) the complaint requests monetary damages only; (2) the amount sought exceeds the limit set by local rule for compulsory arbitration; (3) the amount sought does not exceed $50,000, excluding interest, costs, and attorney fees; and (4) the plaintiff does not need to serve the summons and complaint on any defendant in a foreign country. Admin. Order No. 2017-116 app. at 1 (Rule 101(b)).

¶4        A plaintiff qualifying for and choosing a short trial is thereby entitled to an expedited jury trial and may appeal a decision to the court of appeals, but a plaintiff choosing arbitration forfeits the right to appeal. Admin. Order No. 2017-116 app. at 2 (Rule 103), 9 (Rule 118(d)).

¶5        In essence, FASTAR was designed to provide an attractive alternative to arbitration, which can entail a protracted process when a party pursues a trial de novo afterward. *Cf. Ray v. Rambaud*, 103 Ariz. 186,

188 (1968) ("[A] litigant does not have a vested right in any given mode of procedure, and so long as a substantial and efficient remedy is provided, due process of law is not denied by a change in remedy.").

**¶6**         This Court implemented FASTAR as a three-year pilot program in Pima County Superior Court commencing November 2017.[1] Admin. Order No. 2017-116.  We also approved new Court rules that lowered Pima County's jurisdictional limit for purposes of § 12-133(A)(1) from $50,000 to $1,000.  *Id.*  Because the court's jurisdictional minimum for civil claims is $1,000, the order effectively eliminated compulsory arbitration in the county.

**¶7**         In May 2018, Duff filed a complaint in Pima County Superior Court seeking damages against the Tucson Police Department.  Duff filed a certificate of compulsory arbitration under § 12-133, as well as a FASTAR certificate, claiming that the action did not meet FASTAR eligibility criteria.  Duff then filed a motion asking the court to order § 12-133 arbitration, arguing FASTAR was unconstitutional as applied to her because it extinguished her right to a trial de novo and appeal to the court of appeals following arbitration.

**¶8**         The trial court denied Duff's motion, finding both that FASTAR preserved her rights under the short trial option and that electing arbitration under FASTAR rules required waiver of jury trial and appeal rights.  The trial court further concluded that Duff's claim fell outside the $1,000 arbitration limit under the rules, so she was not entitled to § 12-133 arbitration.  After obtaining a stay, Duff filed a special action in the court of appeals.

**¶9**         The court of appeals accepted jurisdiction but denied relief.  It concluded that FASTAR conflicted with § 12-133 based on its interpretation of *Scheehle v. Justices of the Sup. Ct. of Ariz.*, 211 Ariz. 282 (2005), that

---

[1] We subsequently extended the pilot program until December 31, 2021.  *In re Extension of the Fast Trial and Alternative Resolution (FASTAR) Pilot Program in Pima County*, Admin. Order No. 2020-158 (2020).

§ 12-133(A) "require[d], as opposed to merely authorize[d], each superior court to adopt a mandatory arbitration program." *Duff v. Lee*, 246 Ariz. 418, 425 ¶ 18 (App. 2019). Because the court found a conflict between the rules and the statute, it went on to determine whether the statute was procedural or substantive. *Id.* at 424 ¶ 12. The court concluded the statute was procedural because it does not create or define substantive rights but prescribes the method of enforcing substantive rights. *Id.* at 426–27 ¶¶ 21, 23 (citing *State v. Birmingham*, 96 Ariz. 109, 110 (1964)). Because the statute was procedural rather than substantive, the court concluded that this Court's rules prevailed over the statute. *Id.* at 427 ¶ 25. Finally, the court rejected Duff's contention that FASTAR did not apply to her, holding that this Court's November 2017 order established binding and effective court rules for Pima County that existed at the time Duff's claim arose. *Id.* at 428 ¶¶ 28, 32. Judge Brearcliffe specially concurred, agreeing that FASTAR applied to Duff but concluding that "§ 12-133 does not conflict with the FASTAR rule changes and *Scheehle* is therefore not a barrier to them." *Id.* at 428–29 ¶ 33 (Brearcliffe, J., specially concurring).

**¶10**　　　　We granted review to determine (1) whether FASTAR and § 12-133 conflict; (2) if so, whether the statute is procedural or substantive; and (3) if the statute is substantive, whether FASTAR violates article 3 of the Arizona Constitution by altering or diminishing the statutory right to appeal. All these are questions of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

**¶11**　　　　Interpreting court rules and statutes raises questions of law that we review de novo. *See State v. Hansen*, 215 Ariz. 287, 289 ¶ 6 (2007).

**¶12**　　　　Article 6, section 5(5) of the Arizona Constitution vests this Court with the exclusive authority over procedural rulemaking. *Id.* ¶ 9. The legislature may properly enact statutory procedures that supplement, rather than conflict with, rules this Court has promulgated, but "in the event of irreconcilable conflict between a procedural statute and a rule, the rule prevails." *Seisinger v. Siebel*, 220 Ariz. 85, 88–89 ¶ 8 (2009); *accord State*

*v. Reed*, 248 Ariz. 72, 76 ¶ 10 (2020); *Scheehle*, 211 Ariz. at 289 ¶ 24 (holding that Court rules "are valid even if they are not completely cohesive with related legislation, so long as they are an appropriate exercise of the court's constitutional authority"). Hence, we first must determine whether an irreconcilable conflict exists between the statute and rule. If it does, we then determine whether the statute is procedural or substantive. Only if it is substantive, and thus within the legislature's purview, must we determine if FASTAR violates Duff's statutory rights.

**¶13** When construing both statutes and court rules, we apply "fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *Hansen*, 215 Ariz. at 289 ¶ 7 (quoting *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 ¶ 8 (2007)).

**¶14** "We do not hastily find a clash between a statute and court rule," *Graf v. Whitaker*, 192 Ariz. 403, 406 ¶ 11 (App. 1998), and we avoid interpretations that "unnecessarily implicate constitutional concerns." *Scheehle*, 211 Ariz. at 288 ¶ 16. Thus, we seek to harmonize rules and statutes, reading them in tandem whenever possible. *See Hansen*, 215 Ariz. at 289 ¶ 7.

**¶15** Duff argues that § 12-133 conflicts with FASTAR because the statute "require[s], as opposed to merely authorize[s], each superior court to adopt a mandatory arbitration program" and that FASTAR impliedly conflicts with A.R.S. § 22-201(B), which gives justices of the peace "exclusive original jurisdiction" over certain civil actions concerning $10,000 or less. We disagree.

**¶16** As a matter of plain text, § 12-133 imposes only a ceiling on the jurisdictional limit—$65,000—not a floor. Thus, the statute leaves it up to each superior court to set its own minimum amount for requiring arbitration for all cases under the cap. In *Scheehle*, the Court interpreted § 12-133 to "require, as opposed to merely permit, superior courts to implement mandatory arbitration programs by rule," 211 Ariz. at 286 ¶ 6,

but nothing in the statute prevents this Court from lowering the jurisdictional minimum amount so that few, if any, cases require mandatory arbitration. Indeed, a $1,000 cap has existed in Santa Cruz and Greenlee counties for years. The Attorney General notes that the legislature has amended the statute five times since those limits have been in place. Although we disagree that the existence of a $1,000 minimum amount in certain counties suggests legislative acquiescence to the practice, it illustrates that counties have exercised the discretion provided by the statute to set different jurisdictional limits.

¶17　　Because § 12-133 does not contain a floor, reading a minimum jurisdictional amount for arbitration into § 12-133 would rewrite the statute and therefore potentially violate the separation of powers. *See State v. Holle*, 240 Ariz. 300, 310 ¶ 47 (2016) (quoting *In re Nicholas S.*, 226 Ariz. 182, 186 ¶ 18 (2011)). This Court is reluctant to "imply a statutory limitation that would create a conflict in the constitutional prerogatives of separate branches of Arizona government." *Scheehle*, 211 Ariz. at 289 ¶ 25.

¶18　　In the alternative, Duff would have us find an implied jurisdictional floor in § 12-133 by its reference to § 22-201(B). Section 22-201(B) gives justices of the peace "exclusive original jurisdiction" over civil cases "when the amount involved, exclusive of interest, costs and awarded attorney fees when authorized by law, is ten thousand dollars or less." Duff argues that a $10,000 minimum must exist for § 12-133 arbitration, or else § 12-133 would impose upon the "exclusive" jurisdiction of justice courts.

¶19　　Despite its language, however, § 22-201 does not give justice courts exclusive jurisdiction over civil cases between $1,000 and $10,000 and therefore cannot impose an implied jurisdictional limit in § 12-133. That is because article 6, section 14(3) of the Arizona Constitution gives superior courts exclusive jurisdiction over claims valued at and above $1,000. The legislature may not statutorily divest the superior court of its original jurisdiction, *see State ex rel. Neely v. Brown*, 177 Ariz. 6, 8 (1993), but "of course" can "give the justice court concurrent original jurisdiction in such cases." *Id.* Thus, to apply the statute in a constitutional manner, the term "exclusively" in § 22-201 must necessarily be read to provide concurrent

jurisdiction.  Therefore, § 22-201 does not imply a minimum jurisdictional amount for § 12-133.

¶20        Because no jurisdictional floor exists within the text of § 12-133, the FASTAR rules did not violate § 12-133 when setting Pima County's cap for mandatory arbitration at $1,000.  Accordingly, no conflict exists between the statute and the FASTAR rules, and therefore we need not determine whether the statute is substantive or procedural.

## CONCLUSION

¶21        We affirm the trial court.  We vacate paragraphs 18, 19, and the relevant part of paragraph 25 of the court of appeals opinion and affirm the remainder.