IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

ROBERT WALLACE,
*Petitioner,*

*v.*

HON. JAMES D. SMITH, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,
*Respondent Judge,*

CHRISTIAN NAVA CRUZ, A SINGLE INDIVIDUAL; IMPALA ENTERPRISES L.L.C.,
AN ARIZONA LIMITED LIABILITY CORPORATION, DBA EL TUBO TUBO,
*Real Parties in Interest.*

No. CV-22-0143-SA
Filed July 25, 2023

Special Action from the Superior Court in Maricopa County
No. CV2020-001923
**AFFIRMED**

COUNSEL:

Kimberly A. Eckert, Law Offices of Kimberly A. Eckert, Tempe, Attorney
for Robert Wallace

Fabian Zazueta, Garrett Respondek, Zazueta Law, PLLC, Scottsdale,
Attorneys for Christian Nava Cruz and Impala Enterprises LLC, dba El
Tubo Tubo

CHIEF JUSTICE BRUTINEL authored the Opinion of the Court, in which
VICE CHIEF JUSTICE TIMMER and JUSTICES BOLICK, LOPEZ, BEENE,
MONTGOMERY and KING joined.

CHIEF JUSTICE BRUTINEL, Opinion of the Court:

¶1        This case requires us to resolve a conflict between a court rule and a statute. Arizona Rule of Civil Appellate Procedure ("ARCAP") 7(a)(4)(A) instructs courts to include "damages, costs, attorney's fees, and prejudgment interest" when setting the amount of a supersedeas bond. Conversely, A.R.S. § 12-2108(A)(1) instructs courts to only include damages. In short, ARCAP 7(a)(4)(A) and § 12-2108(A)(1) are in direct conflict. We resolve this conflict in favor of the rule, because the process for determining the amount of a supersedeas bond is a procedural matter within the purview of the judicial branch. Ariz. Const. art. 6, § 5(5).

## I.        BACKGROUND

¶2        Upon entry of a civil judgment, a plaintiff may immediately attempt to enforce that judgment. To prevent this, a defendant who intends to appeal may stay enforcement of the judgment by posting a supersedeas bond. Supersedeas bonds have long been regulated by court rules in Arizona. *See, e.g.*, *Anderson v. Pickrell*, 115 Ariz. 589, 590 (1977). But, in 2011, the legislature sought to alter Arizona's supersedeas-bond scheme by enacting § 12–2108, which in relevant part states that supersedeas bonds "shall be set as the lesser" of: (1) "The total amount of damages awarded excluding punitive damages"; (2) "Fifty per cent of the appellant's net worth"; or (3) "Twenty-five million dollars." Arizona's supersedeas-bond rule, ARCAP 7, was initially updated to "track the statute's language," *City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 41 ¶ 10 (App. 2015), but the Court amended the rule in 2018. *See generally* ARCAP 7. Pertinent to this case, ARCAP 7(a)(4) now states:

> [I]f the judgment includes a monetary award, the amount of the bond relating to the monetary award must be the lowest of the following:
>
> (A)    *the total amount of damages, costs, attorney's fees, and prejudgment interest* included in the judgment when entered, excluding punitive damages;
>
> (B)    fifty percent of the net worth of the party seeking the stay; or
>
> (C)    twenty-five million dollars.

(Emphasis added.) Although otherwise identical to the statute, ARCAP 7(a)(4)(A) instructs courts setting the amount of a supersedeas bond to include "costs, attorney's fees, and prejudgment interest," alongside § 12-2108(A)(1)'s requirement to only consider "[t]he total amount of damages."

¶3 In this case, the superior court entered judgment against Robert Wallace for wrongfully filing a UCC-1 lien. The court awarded $500.00 in statutory damages, $38,322.04 in attorney fees, and $338.51 in taxable costs to Real Parties in Interest, Christian Cruz et al. Wallace filed a notice of appeal and asked the court to set a supersedeas bond at $0, contending that there were no damages and thus $0 was the proper bond amount under § 12-2108(A)(1). But the court calculated the bond as directed by ARCAP 7(a)(4)(A), including the statutory damages, attorney fees, and costs. In so doing, the court acknowledged the "tension" between § 12-2108(A)(1) and ARCAP 7(a)(4)(A) but refused to find that ARCAP 7(a)(4)(A) is an "impermissible rule of appellate procedure." Wallace subsequently posted the bond and then filed a petition for special action in this Court challenging the validity of the rule. This is an issue of statewide importance likely to recur. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution.

## II. DISCUSSION

¶4 The question before this Court is whether the trial court should have followed § 12-2108(A)(1) or ARCAP 7(a)(4)(A). We review this question of law de novo. *State v. Hansen*, 215 Ariz. 287, 289 ¶ 6 (2007). In doing so we follow the framework set forth in *Seisinger v. Siebel*, 220 Ariz. 85, 91–92 ¶¶ 24–27 (2009). We will first consider whether the statute and court rule can be harmonized and, if not, we will turn to whether the subject regulated by the statute — the amount of a supersedeas bond — is procedural or substantive.

### A.

¶5 *Seisinger* recognized that just as the legislature has broad substantive lawmaking power, subject only to constitutional restraints, this Court may develop the substantive law. *Id.* at 92 ¶¶ 26–27. Similarly, both this Court and the legislature have procedural rulemaking power, but pursuant to article 6, section 5(5) of the Arizona Constitution, in the event of a conflict, our rule prevails. *Id.* at 89 ¶ 8. Accordingly, consistent with

our jurisprudential duty to construe statutes in a way that does not render them unconstitutional, we first consider whether § 12-2108(A)(1) and ARCAP 7(a)(4)(A) can be harmonized. *Id.* ¶ 11. We will not, however, ignore the plain meaning of statutory text: when a statute's "language is clear and unequivocal, it is determinative of the statute's construction." *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 ¶ 8 (2007) (quoting *Janson v. Christensen*, 167 Ariz. 470, 471 (1991)).

¶6          Here, the plain text of § 12-2108(A)(1) and ARCAP 7(a)(4)(A) directly conflict and cannot be harmonized. The statute instructs courts to include the "total amount of damages awarded" to determine the amount of a supersedeas bond, § 12-2108(A)(1), whereas the rule instructs courts to include "the total amount of damages, costs, attorney's fees, and prejudgment interest included in the judgment when entered," ARCAP 7(a)(4)(A). If a court calculates a supersedeas bond in accordance with the court rule, the bond amount will necessarily be heftier than one calculated pursuant to the statute, assuming the judgment includes attorney fees. By instructing courts to factor in more than damages, ARCAP 7(a)(4)(A) is at odds with § 12-2108(A)(1).

¶7          Cruz argues that because the statute does not define the term "damages" it can be interpreted to include costs, attorney fees, and prejudgment interest. However, the term "damages" in § 12-2108(A)(1) cannot be read so broadly. Foremost, attorney fees have been understood as being distinct from damages for at least half a century. *See U.S. Fid. & Guar. Co. v. Frohmiller*, 71 Ariz. 377, 381 (1951). And dictionary definitions consistently differentiate damages from noncompensatory awards such as attorney fees and costs, describing damages "as compensation for loss or injury." *Damages*, Black's Law Dictionary (11th ed. 2019); *accord Damages*, Merriam-Webster, https://www.merriam-webster.com/dictionary/damages (last visited July 21, 2023) (defining damages as "compensation in money imposed by law for loss or injury"). Put simply, the term "damages" has a technical meaning that should not be lightly discarded. *See* A.R.S. § 1-213 ("Technical words and phrases and those which have acquired a peculiar and appropriate meaning in the law shall be construed according to such peculiar and appropriate meaning.").

¶8          Cruz also contends that ARCAP 7(a)(4)(A) simply fills a "procedural gap that was missing from the statute"—it prevents courts from being required to set nominal supersedeas bonds in cases involving low damages awards and high attorney fees. *See City Ctr. Exec. Plaza, LLC*,

237 Ariz. at 43 ¶ 17 (approving a $1 supersedeas bond in a case involving $1 in damages and over $2 million in attorney fees); *Chula Vista Homeowners Ass'n v. Irwin*, 245 Ariz. 249, 250–51 ¶ 1, 5 (App. 2018) (approving a $5,000 supersedeas bond in case involving $5,000 in damages, $318 in costs, and $35,000 in attorney fees). To be sure, some of the 2018 changes to ARCAP 7 addressed procedural gaps that arose after § 12-2108 was enacted. *See, e.g.*, ARCAP 7(a)(5) (providing guidance for judgments involving "the recovery of an interest in real or personal property"); ARCAP 7(a)(6) (providing guidance for family-court judgments). However, ARCAP 7(a)(4)(A) goes beyond merely filling a "procedural vacuum." *See In re $11,660.00 U.S. Currency*, 251 Ariz. 106, 109 ¶ 13 (App. 2021). It directly contradicts § 12-2108(A)(1)'s command to include only damages. Again, the plain text of the rule cannot be reconciled as merely clarifying the statute.

## B.

¶9 We therefore turn to whether the challenged statutory provision is substantive or procedural. *Seisinger*, 220 Ariz. at 91 ¶ 24. This inquiry is rooted in our system of separation of powers. *Id.* at 92 ¶ 26. The Arizona Constitution vests the "legislative authority of the state" in the legislature, Ariz. Const. art. 4, pt. 1, § 1(1), and thus "[t]he legislature has plenary power to deal with any topic unless otherwise restrained by the Constitution," *Seisinger*, 220 Ariz. at 92 ¶ 26. One such restraint is this Court's "[p]ower to make rules relative to all procedural matters in any court." Ariz. Const. art. 6, § 5(5). Therefore, a statute regulating a procedural matter "cannot prevail against a procedural rule," and similarly a substantive rule will yield to conflicting statutory enactments. *Seisinger*, 220 Ariz. at 92 ¶ 28; *see also State v. Reed*, 248 Ariz. 72, 77 ¶ 17 (2020) (finding procedural a statute that required courts to dismiss a criminal appeal upon the defendant's death); *id.* at 77–78 ¶ 18 (finding substantive a statute that prohibited the abatement of criminal convictions, sentences, or restitution orders upon a defendant's death).

¶10 Our longstanding description of the difference between substance and procedure is that:

> [T]he substantive law is that part of the law which creates, defines and regulates rights; whereas the adjective, remedial or procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion. It is

> often said the adjective law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective.

*State v. Birmingham*, 96 Ariz. 109, 110 (1964). Although this definition provides an analytical starting point, "the precise dividing line between substance and procedure 'has proven elusive.'" *Seisinger*, 220 Ariz. at 92 ¶ 29 (quoting *In re Shane B.*, 198 Ariz. 85, 88 ¶ 9 (2000)). For example, the right to appeal is quintessentially substantive; however, this right is also "subject to control through the use of procedural rules." *Birmingham*, 96 Ariz. at 110. There is no simple "litmus test" that clearly differentiates substantive regulations from procedural regulations that impact a substantive right. *Seisinger*, 220 Ariz. at 93 ¶ 30.

¶11 The statute before the Court, § 12-2108(A)(1), prescribes only the method for calculating the amount of a supersedeas bond, not whether a bond should issue. A supersedeas bond allows a defendant to obtain a stay of execution of judgment pending appeal—it does not affect a defendant's substantive right to appeal. Regardless of whether a supersedeas bond is posted, the defendant can pursue any appeal authorized by law. *See generally* A.R.S. § 12-2101. If a defendant chooses not to post the bond or is unable to post the bond, the only effect is that the plaintiff may attempt to enforce the judgment pending the appeal. Accordingly, § 12-2108(A)(1) does not create, define, or regulate the substantive right to appeal by setting the procedure for determining the amount of a supersedeas bond. *See Birmingham*, 96 Ariz. at 110.

¶12 This Court has never held that defendants have a separate substantive right to stay a judgment by posting a supersedeas bond; instead, we have treated the amount of supersedeas bonds as a procedural matter. *See Anderson*, 115 Ariz. at 590 (holding that this Court has procedural rulemaking power over supersedeas-bond amounts). Indeed, court rules solely controlled supersedeas-bond determinations throughout Arizona's history, until the legislature enacted § 12-2108 in 2011. Although defendants may be entitled to "a stay of a money judgment" upon payment of a supersedeas bond, *see Am. Mfrs. Mut. Ins. v. Am. Broad.*, 87 S. Ct. 1, 3 (1966) (Harlan, J., in chambers), the actual process by which judges calculate the amount of a supersedeas bond is a procedural matter over which this Court has constitutional authority. *See also Grassie v. Roswell Hosp. Corp.*, 185 P.3d 1091, 1093 (N.M. Ct. App. 2008) (holding that a statute capping the amount of supersedeas bonds was procedural); *Jones v. Harris News, Inc.*,

241 P.3d 613, 614–16 (N.M. Ct. App. 2009) (same); *Bass v. First Pac. Networks*, 219 F.3d 1052, 1055 (9th Cir. 2000) (finding that a statute guiding supersedeas-bond amounts was "purely procedural").

¶13 When enacting § 12-2108, the legislature expressed its concern that "overly large appeal bond[s]" can infringe "the due process rights of appellants," who might financially "be unable to post a bond to protect their assets" while simultaneously pursuing appellate relief. S.B. 1212 § 16(3), 50th Leg., 1st Reg. Sess. (Ariz. 2011) ("Findings and purpose" section). We acknowledge that the legislature has authority to craft substantive laws that protect the constitutional right to "due process of law." Ariz. Const. art. 2, § 4; *see, e.g.*, *Reed*, 248 Ariz. at 77 ¶ 16 ("[P]rocedural rules 'may not diminish or augment substantive rights'" (quoting *State v. Superior Court*, 154 Ariz. 574, 576 (1987))). The legislature effectuated this goal, however, through § 12-2108(C), which authorizes a court to "lower the bond amount to an amount that will not cause the appellant substantial economic harm" upon a showing of need. *See also* ARCAP 7(a)(9)(B) (incorporating language from § 12-2108(C)). By empowering the trial court, in an appropriate case,[1] to reduce the amount of a supersedeas bond when a defendant is financially unable to post the full amount, the legislature ensured that overly large bond amounts will not preclude access to appellate review. Conversely, § 12-2108(B) does not further this purpose: it prevents trial judges from incorporating certain items into the bond amount, regardless of whether the ultimate amount of the supersedeas bond will financially obstruct a defendant's ability to seek appellate review. It also does not consider whether continued delay in executing on the judgment would result in harm to the appellee.

¶14 Wallace additionally argues that § 12-2108(A)(1) must be substantive because the legislature found, when enacting the statute, that the amount of a supersedeas bond "is a matter of substantive law that falls within the jurisdiction of the legislature." S.B. 1212 § 16(5). While we ordinarily give effect to a legislature's statement of purpose, when deciding a question of law the Court's analysis is not governed by the legislature's characterization of a statute. *Seisinger*, 220 Ariz. at 92 ¶ 25 ("[T]he issue of whether an enactment is procedural or substantive cannot turn on the record made in legislative hearings. The question is instead one of law.").

---

[1] Such as a case in which execution of the judgment would itself preclude appellate relief.

This Court's duty to safeguard our government's system of separation of powers requires us to consider de novo the legal question of whether a legislative enactment comports with the legislature's constitutional authority. Here, we conclude that § 12-2108(A)(1) regulates a procedural area of law and therefore it must yield where it conflicts with ARCAP 7(a)(4)(A).

### III.    CONCLUSION

¶15      We affirm the superior court's order and remand for further proceedings. We award Real Parties in Interest their reasonable attorney fees, pursuant to A.R.S. § 12-341.01(A).