NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the Estate of:

THOMAS W. KUERSCHNER, *Deceased.*

STEFANIE A. KUERSCHNER, *Appellant,*

*v.*

JAMES T. KUERSCHNER, as Personal Representative of the Estate of
Thomas W. Kuerschner, *Appellee.*

No. 1 CA-CV 25-0491 PB

FILED 03-05-2026

Appeal from the Superior Court in Maricopa County
No. PB2021-003597
The Honorable Lisa Ann VandenBerg, Judge *Retired*

**APPEAL DISMISSED**

COUNSEL

Stefanie A. Kuerschner, Carefree
*Appellant*

Frazer, Ryan, Goldberg & Arnold, LLP, Phoenix
By Scott A. Erickson, Philip B. Whitaker
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Veronika Fabian joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

¶1        Stefanie Kuerschner appeals two attorney fee sanctions that the superior court imposed after she continued to litigate her deceased husband's probate case—despite having lost on all claims. We dismiss her appeal and impose sanctions because she continues to violate our rules by fabricating case citations and omitting record references.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Thomas Kuerschner died in June 2021. His will excluded his widow, Stefanie, from receiving any assets, but she maintained her community interest in their Scottsdale house. Stefanie filed a notice of claims against the estate for statutory allowances, community property, the proceeds from two promissory notes and Thomas' life insurance policies.

¶3        The superior court appointed Thomas' son, James Kuerschner, as personal representative of the estate. James allowed Stefanie's claims for the funeral expenses and statutory allowances but rejected her other claims. At trial, the court rejected Stefanie's remaining claims. The court also found Stefanie had unnecessarily extended the proceedings and awarded James as personal representative $291,377.28 in attorney fees and costs pursuant to A.R.S. §§ 12-341 and 14-1105.

¶4        Another panel of this court affirmed that decision and ordered Stefanie to pay James' appellate attorney fees for pursuing meritless claims. *In re Est. of Kuerschner*, 1 CA-CV 25-0108, 2025 WL 2780806, at *8, ¶¶ 50–51 (Ariz. App. Sept. 30, 2025) (mem. decision). The panel also warned Stefanie about providing incorrect citations and omitting record references. *Id.* at *5, ¶¶ 29–30. Despite that warning, she continued.

¶5        After losing at trial, Stefanie issued 22 subpoenas seeking bank records even though discovery had closed. The superior court quashed the subpoenas, but she continued to serve them.

**¶6**　　　　The superior court granted James' motion for a temporary restraining order, quashed the outstanding subpoenas and imposed attorney-fee sanctions on Stefanie.  The court found Stefanie had served the subpoenas after discovery closed without proper notice, all in defiance of court orders.

**¶7**　　　　Stefanie filed a motion alleging the superior court had issued a minute entry reinstating her business' claims, but the minute entry had disappeared from the record.  She accused either James or a court clerk of fraudulently removing the minute entry from the court file.  The court struck her motion as "impertinent and scandalous," finding she had no good faith basis for her allegations.  The court again ordered Stefanie to pay James' attorney fees as a sanction.

**¶8**　　　　Stefanie timely appealed both sanction awards.  We have jurisdiction.  A.R.S. §§ 12-2101(A)(2), -120.21(A)(1).

## DISCUSSION

**¶9**　　　　To appeal a civil judgment, the appellant must comply with the Arizona Rules of Civil Appellate Procedure.  ARCAP 1.  An appellant who fails to make a reasonably intelligent effort to comply with the rules waives unsupported issues.  *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022).  We may sanction parties who violate these rules with contempt, dismissal and costs or attorney fees.  ARCAP 25.

**¶10**　　　　Rule 13 requires an appellant's briefs to provide "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."  ARCAP 13(a)(7)(A).  Stefanie's briefs do neither.  Her briefs do not refer to the record.  Record references allow the court to quickly verify the parties' factual assertions are supported by the record.  Without them, the court must ferret through a vast record with no direction.  The record here contains over 1,200 documents, many of which are over a hundred pages long and were submitted after briefing was completed.  We need not assume the duties of an advocate to search the record and support Stefanie's claims.  *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 343 (App. 1984).

**¶11**　　　　On top of that, Stefanie's briefs contain 25 citations that are made up or contain substantial errors like fake quotes or unsupported propositions.  For example:

- Stefanie cites "Orlandini v. Crawford (Arizona Court of Appeals)."  After diligent efforts, we cannot locate a case bearing this name.

- Stefanie quotes "Wallace v. Hon. Smith/Miller, 254 Ariz. 59, 61 ¶ 1 (2023)" as saying Rule 7 and § 12-2108 "together provide the exclusive framework for determining supersedeas bonds" and that fee awards are outside the definition of damages awarded. A case with the name *Wallace v. Smith* does exist and discusses § 12-2108, but it does not contain this quote. *See generally Wallace v. Smith*, 255 Ariz. 377 (2023). And her citation points to a different case named *Zambrano v. M & RC II LLC*, 254 Ariz. 53 (2022).

- Stefanie states in *Takieh v. O'Meara*, 252 Ariz. 51 (App. 2021), this court "vacated sanctions where a claim, though ultimately unsuccessful, was supported by a reasonable basis." In reality, this court upheld a sanction of attorney fees because the appellant's claims were premised on supposition and speculation. *Id.* at 63, ¶ 43.

- Stefanie cites *In re Estate of Stewart*, 230 Ariz. 480, 486, ¶ 26 (App. 2012) for the proposition that "courts must exercise caution in fee awards in probate to ensure they are just and do not unfairly consume a party's rightful share." But *Stewart* never even discusses attorney fees. *See generally id.*

**¶12** This is Stefanie's second offense. We already admonished her in her prior appeal for these exact violations. *Kuerschner*, 1 CA-CV 25-0108, at *5, ¶¶ 29–30.

**¶13** We find Stefanie's repeated and unrepentant violations warrant sanctions under ARCAP 25 to discourage similar behavior. Although we are generally reluctant to impose such sanctions, *In re $15,379 in U.S. Currency*, 241 Ariz. 462, 472, ¶ 32 (App. 2016), recidivism after a warning justifies this result.

## CONCLUSION

**¶14** We dismiss Stefanie's appeal under ARCAP 25 because she continues to fabricate citations and omit record references despite our prior warning.

**¶15** Because counsel for James spent time and resources identifying Stefanie's violations, we award James his reasonable attorney fees and costs under ARCAP 25 upon compliance with ARCAP 21. *See also* A.R.S. § 12-349.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR